IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIAS SALGADO, on behalf of himself and other persons similarly situated,<br>　　　　Plaintiff,<br><br>vs.<br><br>GREENWAY RESOURCE RECOVERY, LLC,<br>　　　　Defendant. | Case No.: 18-cv-889<br><br><br>COLLECTIVE ACTION COMPLAINT<br>JURY TRIAL DEMANDED |

　　　　Plaintiff Elias Salgado, through his attorneys Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendant Greenway Resource Recovery, LLC.

## **NATURE OF THE ACTION**

　　　　1.　　This is an action by Elias Salgado ("Plaintiff") on behalf of himself and all others similarly situated to recover unpaid overtime wages. Plaintiff was employed as a manual laborer by Defendant Greenway Resource Recovery, LLC ("Defendant"). While working for the Defendant, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq. ("IMWL").

　　　　2.　　Plaintiff seeks to recover from Defendant unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendant during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

COLLECTIVE ACTION COMPLAINT - 1

3. Plaintiff also brings this action on behalf of himself and a Plaintiff Class pursuant to Fed. R. Civ. P. Rule 23(a) and (b) to recover all back wages, punitive damages, and attorneys' fees and costs under the IMWL. 820 ILCS § 105/12.

## JURISDICTION

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. §1367.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that all relevant claims alleged herein arose within the Northern District of Illinois.

## PARTIES

### Plaintiff Elias Salgado

6. Plaintiff is a resident of Illinois.

7. Plaintiff was hired by Defendant in approximately March 2014 and worked for Defendants until approximately January 2017.

8. Plaintiff worked for Defendant providing manual labor at a recycling plant in the Chicago Metro area. Defendant's plant was staffed by at least twenty-five other laborers.

9. Plaintiff worked in maintenance as a manual laborer. In connection therewith, Plaintiff performed duties related to loading the trash compactor, separating trash, and driving a tractor.

10. Defendant first paid Plaintiff $10.00/hour at the beginning of his employment, then gave Plaintiff raises to $10.50/hour, $11.00/hour, and finally $11.50/hour at the end of his employment. Until approximately July 2017, for every hour that he worked in excess of forty in

COLLECTIVE ACTION COMPLAINT - 2

any particular week, Plaintiff was still only paid $10.00, $10.50, $11.00, or $11.50 per hour, respectively.

11. At all relevant times, Plaintiff was an "employee" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e) and/or the IMWL, 820 ILCS § 105/1 *et seq*.

**Defendant Greenway Resource Recovery, LLC**

12. Defendant Greenway Resource Recovery, LLC ("Greenway") is a limited liability company organized under the laws of Illinois with its principal place of business in Chicago, Illinois

13. Greenway is in the business of providing waste and recycling services. Greenway specializes in offering dumpsters for construction projects, waste diversion programs, and recycling services for businesses and homeowners.

14. Greenway supervised the day to day work activities of Plaintiff.

15. Greenway determined Plaintiff's work schedule for the employment at issue herein.

16. Greenway maintains an employment file for Plaintiff.

17. Greenway is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1) and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1) and/or IMWL, 820 ILCS 105/1 et seq.

18. Greenway is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3(c), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

19. Upon information and belief, Greenway has an annual dollar volume of sales or business done of at least $500,000.

## FACTUAL ALLEGATIONS

20. Defendant Greenway is a waste and recycling company located in the Chicago Metro area that provides services to businesses, contractors, and homeowners.

21. Defendant employs at least twenty-five laborers at its recycling plant. Defendant's employees regularly handle recyclable goods that are moving or have moved in interstate commerce and/or perform duties which are closely related and directly essential to such interstate activities.

22. Plaintiff normally worked more than forty hours a week for Defendant. On average, Plaintiff worked at least sixty-seven hours per week. Defendant often required Plaintiff to work at least six days per week.

23. Plaintiff was paid by check for the first forty hours worked in a work week and paid with cash for the hours worked in excess of forty in a work week.

24. Until approximately July 2017, Defendant never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

25. Defendant willfully violated Plaintiff's rights under the FLSA because Defendant knew or showed reckless disregard for the fact that its compensation practices violated the FLSA. Defendant is and was aware of the custom and practice of overtime pay from its experience and expertise in the industry in which it works.

## COLLECTIVE ACTION ALLEGATIONS

26. Defendant paid the named Plaintiff and other similarly situated employees at an hourly rate for work performed.

COLLECTIVE ACTION COMPLAINT - 4

27. Defendant treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

28. When the named Plaintiff and other similarly situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

## CLASS ACTION ALLEGATIONS

29. Plaintiff will seek to certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure of his state law claim for Illinois-mandated overtime wages (Count II) arising under the IMWL.

30. Count II is brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

    (a) The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have employed over fifty laborers in Illinois during the IMWL Class Period;

    (b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members;

    (c) These common questions of law and fact include, without limitation:

        i. Whether Defendant failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

    (d) The class representative and the members of the class have been equally affected by Defendant's failure to pay Illinois overtime wages and other earned wages;

COLLECTIVE ACTION COMPLAINT - 5

(e) Given the nature of the industry, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(f) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant and the Court.

31. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Fair Labor Standards Act Violations – FLSA Class Claims

32. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

33. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "FLSA Class," consisting of all current and former employees of the Defendant who are or have been employed by Defendant during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

34. Defendant willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their

regular rate for all hours worked in excess of forty in a workweek from at least February 2015 and continuing until the present.

35. As a consequence of Defendant's FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Illinois Minimum Wage Law Violations – IMWL Class Claims

36. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

37. Plaintiff brings the claims set forth in Count II, alleging violations of the IMWL, as a putative collective action on behalf of himself and an "IMWL Class," consisting of all current and former employees of the Defendant who are or have been employed by Defendant during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek. 820 ILCS 105/12(a).

38. Defendant directed Plaintiff to work, and Plaintiff did work, in excess of forty hours in individual workweeks in the three years prior to Plaintiff filing this lawsuit.

39. Plaintiff was not exempt from the overtime provisions of the IMWL.

40. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty hours in individual workweeks.

41. Defendant did not pay Plaintiff overtime wages for all time worked in excess of forty hours in individual workweeks.

42. Defendant, likewise, directed other similarly situated, non-exempt employees to work in excess of forty hours in individual workweeks.

43. Defendant did not pay other similarly situated employees overtime wages for all time worked in excess of forty hours in individual workweeks.

44. Defendant's failure to pay Plaintiff and other similarly situated employees the overtime wages for all time worked in excess of forty hours in individual workweeks was a violation of the IMWL.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the IMWL Class are entitled to recover unpaid overtime wages for three years prior to the filing of this lawsuit.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendant and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Certifying this case as a class action pursuant to Fed. R. Civ. P. 23 (a) and (b) for Defendant's violations of the IMWL overtime provisions;

c. Entering judgment in the amount of all unpaid overtime wages due and owing under the FLSA to the Plaintiff and FLSA Class as well as all applicable liquidated damages;

d. Entering judgment in the amount of all back wages due to Plaintiff and the IMWL Class as provided by the IMWL;

e. Awarding punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

f. Declaring that Defendant's conduct violated the FLSA;

g. Enjoining Defendant from violating the FLSA's overtime provisions;

COLLECTIVE ACTION COMPLAINT - 8

h.  Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

i.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j.  Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

February 2, 2018

*Respectfully Submitted,*

*/s/ Emily A. Westermeier*
Roberto Luis Costales (LA Bar #33696)
William H. Beaumont (IL Bar #6323256)
Emily A. Westermeier (IL Bar #6316741)
BEAUMONT COSTALES LLC
3151 W. 26th Street, 2nd Floor
Chicago, Illinois 60623
Telephone: 773.831.8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
eaw@beaumontcostales.com
ATTORNEYS FOR PLAINTIFF